UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRUCO LIFE INSURANCE | CIVIL ACTION |
| VERSUS | NO: 07-9615 |
| SHALA MARIE CONSTANCE, ET AL. | SECTION: "C" (5) |

### ORDER & REASONS[1]

This matter is before the Court on motion by Defendant Guy Olano ("2007 Trustee"), Rec. Doc. 56, to modify the Court's Minute Entry, Rec. Doc. 54, ordering him to deposit in the Registry of the Court the full proceeds received from the Registry of the Court plus accrued interest from March 2008 through March 2009. The 2007 Trustee requested permission to deposit the funds in the form of mortgage notes and real property instead of cash. Defendant Shala Marie Constance ("2004 Trustee") opposed the 2007 Trustee's motion, Rec. Doc. 61, and the 2007 Trustee replied, Rec. Doc. 70-3. Rec. Doc. 7; Rec. Doc. 11. Having considered record, the memoranda, and the law, the Court orders the 2007 Trustee to deposit $1,034,115.69[2] in the form of a surety bond from a Department of Treasury-approved surety company for the following reasons.

### I. BACKGROUND

---

[1] Alexandra Sloan, a second year student at Northwestern University School of Law, assisted in preparing this opinion.

[2] This figure is derived from the Court Registry records for amounts disbursed to the "Scruggs Family Trust" plus accrued interest through March 2009.

This case arises out of the contested distribution of the proceeds of Jeannette Scruggs's life insurance policy issued by PRUCO Life Insurance. PRUCO filed this interpleader action under 28 U.S.C.A. §§ 1335, 2361 (2006) for the Court to determine which of the four defendants were entitled to the proceeds, and placed the full amount of the policy, $1,000,000 in the Registry of the Court. The "Scruggs Family Trust," in this case, the 2007 Trustee, received the funds from the registry in March 2008. Rec. Doc. 9. Upon motion of the 2004 Trustee, the Court issued a Minute Entry requiring the 2007 Trustee to deposit in the Registry of the Court the full proceeds received from the Registry of the Court plus accrued interest from March 2008 through March 2009. Rec. Doc. 54. The 2007 Trustee moved to amend that Minute Entry, asking that the Court permit him to deposit collateral mortgage notes and real property valued in excess of $1,000,000 instead of cash. Rec. Doc. 56.

In the memorandum supporting his motion, the 2007 Trustee explained that the Trust does not have the liquid cash proceeds at its disposal, and that the modification will "protect the rightful beneficiaries." Rec. Doc. 56-2 at 2-3. The 2004 Trustee opposed the 2007 Trustee's motion, reasoning that the dispute began as one over cash, and that the 2007 Trustee did not provide evidence of the value and liquidity of the notes and property. Rec. Doc. 61 at 1-3. The 2004 Trustee concluded that the 2007 Trustee should be required to deposit cash or a commercial surety bond into the Registry of the Court. Id. at 5. In his reply to the 2004 Trustee's opposition to his motion, the 2007 Trustee added that the notes and property "involve financial matters related to non-parties" and that information about them is to remain confidential, but that he is prepared to cooperate with the 2004 Trustee to determine their value. Rec. Doc. 70-3 at 2.

2

## II. LAW & ANALYSIS

Interpleader is a suit in equity that invokes equitable principles. Fulton v. Kaiser Steel Corp., 397 F.2d 580, 583 (5th Cir. 1968)(citing Sanders v. Armour Fertilizer Works, 292 U.S. 190 (1934)). The Fifth Circuit has relied on these principles to interpret statutes governing interpleader actions. For instance, in Fulton, the parties had entered into a stipulation under which they agreed to preserve the status quo pending the outcome of a state court case on a related issue. The Court noted that a stipulation between the parties prior to the instant lawsuit, though not binding on the Court, was "an equitable factor" to be considered in the outcome of the case. Id. at 583.

The Court also relied on equitable principles in Austin v. Texas-Ohio Gas Company. 218 F.2d 739, 744-45 (1955). In Austin, the company Texas-Ohio sought to join the defendants who claimed an interest in shares of the company's stock. Claimants argued that the Court did not have jurisdiction over the matter because the company had only deposited into the registry of the court 23,700 of the total 95,000 shares involved. Unconvinced, the Court held that the district court's temporary injunction prohibiting change in the status of the stock was not improper. The Court reasoned, in part, that "the equitable doctrines that one seeking equitable relief must do equity and must come into court with clean hands apply in addition to the jurisdictional requirements of the statute." Id. at 746. In particular, the Court stated that a stakeholder seeking relief via interpleader where the stake is in specific property rather than money, and the stakeholder only deposited a portion of that property in the registry of the court

> must have a reasonable explanation why he does not have all the property involved in the dispute still in his possession, must not have disposed of any of it wrongfully, and must be prepared to do anything reasonably necessary to recover all of the property and place in the court the power to deal with it.

3

Id. at 746.  The company explained that it issued the 71,300 shares to certain defendants in trust as part of a settlement with Austin, such that it no longer had proprietary or possessory interest in them.  Id.  It declared in its complaint that it would not exercise any power it had over these shares except on order of the Court.  Id. at 744.  The Court balanced this explanation with the observation that nothing in the record indicated that the district court's temporary injunction would affect pending state court litigation.  It concluded that the temporary injunction was correctly granted.  Id. at 746.  Although the Court did not cite which standard of review it used, it should be noted that it probably gave considerable deference to the district court's decision.  Therefore, Austin should not stand for the proposition that a temporary injunction prohibiting a change of status of property being claimed in an interpleader action is always proper.

The Austin Court noted that the nature of original claim, whether for money or a rem, could be relevant.  It distinguished claims for sums of money and claims for specific property, stating that in the former, "payment of the entire sum (or giving of a bond) is a condition precedent to the court's jurisdiction" and in the latter, "the statute imposes the condition of depositing only the specific property in the plaintiff's possession."  Id. at 745 (referring to 28 U.S.C. § 1335(a), which states that any entity "having in his or its custody or possession money or property" may file an interpleader action in federal court.).  The Austin Court did not explain why the phrase "in possession" applied only to property and not money.  In any event, it appears that the original object of the suit may be significant in making equitable decisions.

Furthermore, in interpleader actions for a specific res, a surety bond may be deposited in lieu of the res because "many situations may exist where it becomes impracticable for a stakeholder to deposit the specific res in controversy."  Kitzer v. Phalen Park State Bank of St.

4

Paul, 379 F.2d 650, 651 (8th Cir. 1967)(declining to explain the impracticality in this specific case). The Court reasoned that the Interpleader Act was amended to allow for deposits in the form of surety bonds, and that legislative history shows that Congress intended to remedy situations "where the rigid requirement of a deposit would prevent just relief. Id. at 651 (quoting Sen. Rep. No. 558, 74ht Cong., 1st Sess., p.6). Further, the Act is remedial; therefore it should be "liberally construed." Kitzer, 379 F.2d at 651 (quoting 3 Moore, Federal Practice, § 22:02 at 3005). Finally, the Act's "purpose broadly is to remedy the problems caused by multiple claimants to a single fund." Kitzer, 379 F.2d at 651 (quoting State Farm Casualty Co. v. Tashire, 386 U.S. 523 , 530 (1967)).

When, as in the case before us, the claim in an interpleader action is for a sum of money, the entire sum must be deposited in the Registry of the Court. Austin, 218 F.2d at 745. The sum need not, however, be deposited in a particular form in the Registry of the Court. Therefore, the 2004 Trustee's argument that the Court should require the 2007 Trustee to deposit cash because the suit began as one over cash lacks force. Rec. Doc. 61 at 1. However, the proposition that the 2007 Trustee deposit the amount in the form of a commercial surety bond is sound.

The 2007 Trustee explained why he is unable to deposit the amount in cash: the Trust does not have cash at its disposal. Rec. Doc. 56-2 at 2. He added that such a move will benefit the "rightful beneficiaries," Id. at 3, and that information regarding the notes and property is confidential, but that he would be willing to allow its introduction under seal. Rec. Doc. 70-3 at 2. These are not obvious "reasonable explanations," Austin, 218 F.2d at 746, though the Court may infer that it would be "impracticable," Kitzer, 379 F.2d at 651, for the 2007 Trustee to acquire the $1,000,000 in cash, or that he wishes not to sell the real property because it has a

5

value to the "rightful beneficiaries" other than market value.  The 2007 Trustee did not, however, explain why he is unable to deposit the amount in the form of a surety bond.

The 2004 Trustee's main reason for opposing the 2007 Trustee's motion is because the value of the notes and property is uncertain.  The 2007 Trustee did not provide copies of the mortgage notes, or an interest rate, term, or schedule of payments for the notes, or evidence of the liquidity of the notes.  Rec. Doc. 61 at 3.  Furthermore, the 2007 Trustee did not submit an appraisal of the property, and the 2004 Trustee noted that she should not bear the burden of valuing the property and confirming the validity of the notes.  Balancing the interests of the 2007 Trustee and the 2004 Trustee, the Court concludes that the 2007 Trustee must deposit the mortgage notes and real property valued at $1,000,000 or more in the form of a surety bond for $1,034,115.69 from a Department of Treasury-approved surety company.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Guy Olano deposit $1,034,115.69 in the form of a surety bond from a Department of Treasury-approved surety company no later than June 29, 2009.

New Orleans, Louisiana, this 15th day of June, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE