# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Pruco Life Insurance Company** | **CIVIL ACTION** |
| versus | NO: 07-9615 |
| **Shala Marie Constance, et al.** | SECTION: "C" (5) |

## ORDER & REASONS

Before the Court is a Motion to Dismiss and Alternatively for a More Definite Statement or to Strike Allegations of Fraud by Defendant Shala Constance ("Constance") as Trustee of the Scruggs Family Trust. (Rec. Doc. 99). The motion is before the Court on the briefs without oral argument. Having reviewed the record, memoranda of counsel, and the law, the Court GRANTS the Motion for the following reasons.

## I. Background

This motion involves the lengthy litigation attempting to resolve the proper beneficiary trust of Jeannette Scruggs's life insurance policy issued by PRUCO Life Insurance.

PRUCO filed this interpleader action under 28 U.S.C.A. §§ 1335, 2361 (2006) for the Court to determine which of the four defendants representing three different trusts were entitled to the proceeds, and placed the full amount of the policy, $1,000,000 in the Registry of the Court. The parties have raised numerous issues, including: whether the settlor of the 2004 Scruggs Family Trust revoked it in a 2007 trust; whether a 2005 trust was created; which trust is the proper beneficiary of the life insurance policy; whether a settlement agreement was previously reached by all parties; and which trust should have received the previously distributed funds.

In March 2008, the 2007 Trustee received the funds from the registry, having represented to the Court that a settlement had been reached, and the Court dismissed the case. (Rec. Docs. 9, 11). Following a motion by the 2004 Trust, the Court vacated that dismissal (Rec. Doc. 54) and litigation over the return of the previously disbursed funds and their proper future distribution is ongoing.

In June 2009, Guy Olano, Jr. ("Olano"), trustee of the 2007 Scruggs Family Trust and Administrator of the Succession of Jeannette Scruggs, filed the crossclaim at issue in the pending motion, alleging fraud and theft by Constance. (Rec. Doc. 80). Constance moves to dismiss the crossclaim. (Rec. Doc. 99).

## II. Law and Analysis

### a. Standard of Review

In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In Re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007). The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face;" the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations. *Id.* Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal. *United States ex rel. Bain v. Georgia GulfCorp.*, 386 F.3d 648, 654 (5th Cir.2004).

### b. Cross Claims Against Trustee Constance in Her Individual Capacity

Federal Rule of Civil Procedure 13(g) provides that "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property

2

that is the subject matter of the original action."

Constance argues that Olano's cross claim must be dismissed because it brings claims against her in her individual capacity even though she has to date only appeared in this litigation in her capacity as a trustee. (Rec. Doc. 109 at 2). Olano counters that the language of Federal Rule of Civil Procedure 13(g) is clear on its face and does not restrict "coparties" to their respective capacities. (Rec. Doc. 105 at 2).

Neither party cites particularly persuasive caselaw on this point. However, a number of cases suggest that it is "well-established that when a party sues in his representative capacity, he is not subject to counterclaims against him in his individual capacity." *In re Adbox, Inc.*, 488 F.3d 836, 840 (9th Cir. 2007) (citing *Pioche Mines Consol., Inc. v. Fidelity-Philadelphia Trust Co.*, 206 F.2d 336, 337 (9th Cir.), *cert. denied,* 346 U.S. 899 (1953) (recognizing the "rule that a counterclaim against a trustee in his individual capacity, where he has sued as a fiduciary only, is not permissible inasmuch as it is not a counterclaim against an 'opposing party,' as contemplated by Rule 13"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1404 (2d ed. 1990); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n.6 (1986) ("Acts performed by the same person in two different capacities are generally treated as the transactions of two different legal personages." (quoting F. James & G. Hazard, Civil Procedure § 11.6 (3d ed. 1985) (internal quotation marks omitted)))); *Tryforos v. Icarian Development Co. S.A.*, 49 F.R.D. 1, 3 (N.D.Ill., 1970) (" It is well established that a person who brings an action in a representative capacity is not an 'opposing party' within the meaning of Rule 13 ") (citing *Chambers v. Cameron,* 29 F.Supp. 742, 744 (N.D.Ill. 1939); *Higgins v. Shenango Pottery Co.*, 99 F.Supp. 522, 524 (W.D.Pa. 1951); *Cravatts v. Klozo Fastener Corporation*, 15 F.R.D. 12, 13 (S.D.N.Y.1953); *Epstein*

3

*v. Shindler*, 26 F.R.D. 176, 177-178 (S.D.N.Y. 1960)).

The cited cases are arguably distinguishable from the instant litigation because they involve counter claims, not cross claims, and because some involve shareholders and corporations, not trustees and trusts.

The rationale for precluding counterclaims against fiduciary parties in their individual capacities in the cases cited above appears to be 1) that acting as a trustee involves representing a different set of interests than acting as an individual party, *see In re Adbox*, 488 F.3d at 840-41, or 2) the risk that permitting counterclaims against parties acting in different capacities would raise issues that are "remote and immaterial to the . . . issues before the court." *Tryforos*, 49 F.R.D. at 3.

In this case, Constance, in her capacity as trustee, is representing her own interests and the interests of the other named beneficiaries of the 2004, and possibly 2005, trusts. Olano's cross claim alleges that Constance's actions in pursuing the insurance proceeds constitute a "fraud upon the [2007] Trust and its beneficiaries" and further that Constance "entered [Olano's] home without . . . consent or permission" and "took an undetermined amount of cash, valuable papers and other property." (Rec. Doc. 80 at 6-7).

The focus of this litigation is on the existence and relationship between the 2004, 2005, and 2007 trusts and Jeannette Scruggs's life insurance policy. On their face, the latter allegations, ostensibly relating to property theft and trespass, do not arise out of "the transaction or occurrence that is the subject matter of the original action" and must be dismissed.

The question of whether any of the parties has committed fraud in pursuing the insurance funds, however, *is* related to the transaction or occurrence at issue. The question then remains whether Constance's interests are sufficiently aligned with the interests of the Trusts to preclude

dismissal. The Court holds that they are not. It is clear from the pleadings that Olano is targeting Constance's actions in her individual capacity. Under Louisiana law, this claim requires proof of intent particular to the perpetrator. La. Civ. Code Art. 1953. It is conceivable that Constance's defense to this fraud claim could be at odds with the interests of the Trusts. The Court therefore adopts the reasoning of the cases addressing "opposing party" in the context of counterclaims and applies it to "coparty" in the context of crossclaims. The Court holds that when a party is sued in her representative capacity, she is not subject to crossclaims against her in her individual capacity.

Accordingly,

IT IS ORDERED that Constance's Motion to Dismiss is GRANTED.

New Orleans, Louisiana, this 15th day of March, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**