UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, Plaintiff * | CIVIL ACTION NO. 07-9615 |
| versus * | SECTION: "C" |
| THE SCRUGGS FAMILY TRUST, A REVOCABLE INTER VIVOS TRUST DATED MAY 1, 2004, et al, Defendant * | MAGISTRATE "5" |

* * * * * * * * * * * * * * * * * * * * * * * * *

**SHALA CONSTANCE'S FIRST SET OF INTERROGATORIES TO GUY W. OLANO, JR.**

**TO: Guy W. Olano, Jr. in his capacity as trustee of the 2007 Scruggs Family trust, through his Attorneys of Record**
**Scott Winstead**
**Dan Webb**
**Sutterfield & Webb, LLC**
**650 Poydras St. Suite 2715**
**New Orleans, LA 70130-6111**

NOW INTO COURT, comes defendant, **Shala Constance, as Trustee of the 2004 and 2005 Scruggs Family Trusts,** and on authority of the Federal Rules of Civil Procedure, propounds the following interrogatories to **Guy W. Olano, Jr., as Trustee of the 2007 Scruggs Family Trust**, to be answered fully, completely, and separately, within the delays allowed by law. Pursuant to Federal Rule of Civil Procedure 33, please respond to the following interrogatories and requests for production within thirty (30) days of service. Each request is

addressed to **Guy W. Olano, Jr.**, his attorneys, agents, employees, or other representatives. If any interrogatory, request or part thereof is objected to because of a claim of privilege, in each instance please state the legal and factual basis of the privilege. Please verify under oath that your answers to the following are true and correct to the best of your knowledge, information and belief.

DEFINITIONS

1. The term "person" includes any individual person, a company, partnership, proprietorship, association, corporation, joint venture, judicial, legislative, executive or administrative body, or other legal or business entity, or any other group or body.

2. The term "document" and "documents" shall mean any writing (whether handwritten, typed, printed, electronically or magnetically stored or otherwise made), drawing, graph, chart, photograph, phonorecord, email, or other data compilations from which information can be obtained (translated, if necessary, by the complainant through detection devices into reasonably usable form), and shall include, without limiting the generality of the foregoing, originals, copies and drafts of all correspondence, telegrams, teletypes, agreements, contracts, studies, reports, memoranda, electronic recordings, minutes, journal entries, diaries, appointment books, notes and notations (whether separate or added to another document), work papers, books, accounts, ledgers, transcripts, newspaper clippings, affidavits, sketches, pamphlets, brochures, financial reports or summaries, and all other writings of any kind, and information stored in computers or other data storage or processing equipment, including but not limited to computer tapes, computer disks, typewritings, tape records, microfilm and microfiche, which are or were in your possession, custody or control, or are known by you to exist or have existed, and any copy or other reproduction of any such "document" or "documents."

3. The term "identify" or "identity" when used in reference to an individual person means to state his full name and present address and telephone number, his present or last known position and business affiliation and business telephone number, and his position and business affiliation at the time in question. "Identify" or "identity" when used in reference to a business or other organization means to state its full name, its principal business address and the nature of the organization, if known (e.g., corporation, partnership). When used in reference to documents or things, identify means to describe in detail sufficient for distinction, to provide the name of the person creating the document, its intended recipient, the date of its creation, and identify the person having custody or control of the document or thing.

4. The term "communication" includes the transmission of facts, opinions, beliefs, and all other forms of information between or among persons or entities, or the rendition of such information

by a person or entity to himself or a file.

5. The term "and" means "and/or" whenever the latter could be applicable.

6. The "2007 Trust" means the alleged 2007 Scruggs Family Trust.

**INTERROGATORY NUMBER 1:** Have any of the beneficiaries of the 2007 Trust waived, renounced, relinquished or refused their interest in that trust? If so, please identify them and identify any document in which they waived their interest.

**INTERROGATORY NUMBER 2:** Has the 2007 Trust paid any funds from the 2007 Trust to any of the beneficiaries of that trust? If so, identify the person(s) to whom the payments were made, the dates and amounts of the payments and identify any documents concerning the payments.

**INTERROGATORY NUMBER 3:** Has the 2007 Trust, its trustee, or Guy W. Olano, Jr, personally, agreed or promised to donate any funds held by the 2007 Trust to anyone, including but not limited to any of the siblings of Jeannette Scruggs, other than the named beneficiaries of that trust? If the 2007 Trust, its trustee, or Guy W. Olano, Jr, personally, agreed or promised to donate any such funds, please identify the person(s) who were to receive the donations, the dates of the promise(s) or agreement(s) to donate, and identify any documents related to any promise(s) or agreement(s) to donate.

**INTERROGATORY NUMBER 4:** Has the 2007 Trust, its trustee, or Guy W. Olano, Jr,

personally, donated any funds held by the 2007 Trust to anyone, including but not limited to any of the siblings of Jeannette Scruggs, other than the named beneficiaries of that trust? If the 2007 Trust, its trustee, or Guy W. Olano, Jr., personally, have donated any such funds, please identify the person(s) to whom the donation(s) were made and the dates and amounts of the donations and identify any documents related to the donations.

**INTERROGATORY NUMBER 5:** Please provide an accounting for all funds the 2007 Trust received from the registry of the court and/or from Michael Broussard, and any other funds received by that trust, including in that accounting:

(1) the dates and amounts received,

(2) the name and address of any institution where those funds were deposited,

(3) the disposition of the funds, including

(a) the date, payee and amount of each and every check,

(b) the date and amount of each and every credit to the account, including deposits and interest, and

(c) the source of any deposit.

**INTERROGATORY NUMBER 6:** If, in your capacity as trustee of the 2007 Trust, you loaned any funds belonging to that Trust to any person, please

(a) identify the person(s) receiving the loan(s), and if it is a corporation, identify the person with whom the loan was negotiated,

(b) identify the security given for any loan,

(c) state the terms of the loan,

(d) state the date(s) and amount(s) of any loans made,

(e) identify any and all payments made on the loans, distinguishing principal and interest, and where they were deposited;

(f) state whether the loan is in default,

(g) state whether there are any counter letters, side agreements, or oral agreements with anyone concerning the loans.

**INTERROGATORY NUMBER 7:** Please identify all persons who own or have owned an interest in Millennium Group I ("Millennium") since August 1, 2007, and identify all persons who have received dividends or salaries or other benefits of any kind from Millennium Group I, including the use of vehicles owned by Millennium, since August 1, 2007, including but not limited to Guy W. Olano, Jr., personally, his children and his siblings, Lynn Fruchtnicht, Joseph Ascani, Jr, and Ray Palazzolo, and identify all documents concerning such dividends, salaries, or benefits.

**INTERROGATORY NUMBER 8:** Please state whether Guy W. Olano, Jr., in his personal capacity, or in his capacities as trustee of any trust or as administrator of the succession of Jeannette Scruggs, has made any agreement, including but not limited to counter letter(s), side agreement(s), or oral agreement(s) with any of the heirs of Jeannette Scruggs concerning the funds removed from the registry of the court and, if so, state the date of and terms of said agreements, and identify any document related to those agreements.

CERTIFICATE OF SERVICE

I hereby certify that I have on the 3rd day of September, 2009 served a copy of the foregoing pleading on counsel for all parties to the proceeding, by fax and / or by mailing the same by U. S. mail, properly addressed, and first class postage prepaid.

J. Keith Hardie, Jr.

**Respectfully submitted,**

**J. Keith Hardie, Jr., LSBA No. 17586**
**757 St. Charles Avenue, Suite 304**
**New Orleans, LA 70130**
**Telephone: (504) 522-6222**
**Facsimile: (504) 522-6226**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PRUCO LIFE INSURANCE COMPANY, Plaintiff** | * * | **CIVIL ACTION NO. 07-9615** |
| **versus** | * * | **SECTION: "C"** |
| **THE SCRUGGS FAMILY TRUST, A REVOCABLE INTER VIVOS TRUST DATED MAY 1, 2004, et al, Defendant** | * * * | **MAGISTRATE "5"** |

* * * * * * * * * * * * * * * * * * * * * * * * *

**SHALA CONSTANCE'S FIRST REQUESTS FOR PRODUCTION TO GUY W. OLANO, JR.**

**TO: Guy W. Olano, Jr. in his capacity as trustee of the 2007 Scruggs Family trust, through his Attorneys of Record**
**Scott Winstead**
**Dan Webb**
**Sutterfield & Webb, LLC**
**650 Poydras St. Suite 2715**
**New Orleans, LA 70130-6111**

Pursuant to Federal Rule of Civil Procedure 34, please produce the following documents for inspection or copying. The definitions in the accompanying interrogatories also apply here.

**REQUEST NO. 1:** All documents identified in your response to Interrogatory Number 1.

**REQUEST NO. 2:** All documents identified in your response to Interrogatory Number 2.

**REQUEST NO. 3:** All documents identified in your response to Interrogatory Number 3.

**REQUEST NO. 4:** All documents identified in your response to Interrogatory Number 4.

**REQUEST NO. 5:** All documents from which the information provided in your answer to Interrogatory Number 5 was obtained or in which that information is contained.

**REQUEST NO. 6:** All documents from which the information provided in your answer to Interrogatory Number 6 was obtained or in which that information is contained.

**REQUEST NO. 7:** All documents concerning the ownership of Millennium Group I ("Millennium") since August 1, 2007 and all documents concerning any dividends, salaries, or benefits of any kind, including the use of vehicles owned by Millennium, received by any person, including but not limited to Guy W. Olano, Jr., personally, his children and siblings, Lynn Fruchtnicht, Joseph Ascani, Jr, and Ray Palazzolo, from Millennium since August 1, 2007.

**REQUEST NO. 8:** All documents identified in your response to Interrogatory Number 8.

**REQUEST NO. 9:** Any counter letters, side agreements, or oral agreements with any person concerning any loans made by the 2007 Trust to any person.

**REQUEST NO. 10:** All statements from any financial institution regarding the account(s) into which any funds the 2007 Trust received from the registry of the court and/or Michael Broussard or from any other source were deposited or transferred.

**REQUEST NO. 11:** Copies of all checks written on the account(s) into which the funds the 2007 Trust received from the registry of the court and/or Michael Broussard or from any other source were deposited or transferred.

**REQUEST NO. 12:** All check registers, whether electronically kept, hand written or otherwise, for the account(s) into which the funds the 2007 Trust received from the registry of the court and/or Michael Broussard in connection with this matter or from any other source were deposited or transferred.

**REQUEST NO. 13:** All documents concerning any loan(s) made by the 2007 Trust to any person, including but not limited to correspondence, promissory notes, IOU's, hand notes, collateral mortgages, pledges or other documents.

**REQUEST NO. 14:** All documents concerning any payments or failure to make payments, including but not limited to interest and principal, on any loans made by the 2007 Trust to any person or entity receiving a loan from the 2007 trust, including but not limited to copies of checks, electronic transfers,

correspondence, notices of default or other documents.

**REQUEST NO. 15:** The original and any drafts of the alleged January 1, 2007 trust.

**REQUEST NO. 16:** The original and any drafts of the alleged January 1, 2007 revocation of the May 1, 2004 trust.

**REQUEST NO. 17:** Any originals and any drafts of any March 26, 2005 trust.

**REQUEST NO. 18:** All documents, including correspondence, invoices or other documents related to any of the above trusts.

CERTIFICATE OF SERVICE

I hereby certify that I have on the 3rd day of September, 20 04 served a copy of the foregoing pleading on counsel for all parties to the proceeding, by fax and / or by mailing the same by U. S. mail, properly addressed, and first class postage prepaid.

J. Keith Hardie, Jr.

**Respectfully submitted,**

**J. Keith Hardie, Jr., LSBA No. 17586**
**757 St. Charles Avenue, Suite 304**
**New Orleans, LA 70130**
**Telephone: (504) 522-6222**
**Facsimile: (504) 522-6226**