UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRUCO LIFE INSURANCE CO.**<br>**Plaintiff** | **CIVIL ACTION NO. 07-9615** |
| | **SECTION: “C”** |
| **VERSUS** | **MAG.: “5”** |
| **THE SCRUGGS FAMILY TRUST, A REVOCABLE *INTER VIVOS* TRUST DATED MAY 1, 2004, *ET AL.***<br>**Defendants** | |

**<u>OPPOSITION TO MOTION TO HOLD GUY OLANO, JR., IN CONTEMPT OF COURT</u>**

**MAY IT PLEASE THE COURT:**

On March 31, 2010, this Court denied the 2007 Trustee’s Motion to Substitute Security (Doc. 126) and further ordered the 2007 Trustee to appear and show cause why he should not be held in contempt for failure to deposit a commercial surety bond in compliance with this Court’s Order of June 15, 2009 (Doc. 76). For the reasons that follow, the 2007 Trustee, Guy Olano, Jr., opposes being held in contempt because he attempted in good faith to comply with that order as detailed herein.

## BACKGROUND

As the Court is aware, Mr. Olano moved this Court to allow him to alter the form of the security to be posted in March 2009. (Doc. 56). The Court ordered that it was not specifically required by the law that the proceeds to be returned be in the same form as those disbursed. (Doc. 76). Specifically, the Court ordered that a bond from an institution certified by the U.S. Treasury Department would suffice.

Mr. Olano attempted in good faith to obtain a bond. Unfortunately, his first efforts failed. He was then forced to file a Motion for Extension of Time to Post Security. (Doc. 83). The Court granted an extension until August 24, 2009. The Court further ordered Mr. Olano to petition the Court for relief by Motion in the event the bond could not be obtained or the cash could not be deposited. Mr. Olano so moved the Court in August 2009. (Doc. 106). On March 30, 2010, the Court denied that motion and ordered a show cause hearing requiring Mr. Olano to appear and explain why he should not be held in contempt.

## LAW AND ARGUMENT

It is firmly established that in a civil contempt proceeding, the party seeking an order of contempt need only establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order. *See F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir.1995) (citing *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir.1992)).

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir.1995) (quoting *Securities and Exchange Commission v. First Financial Group of Texas, Inc*., 659 F.2d 660, 669 (5th Cir.1981)). "The judicial contempt power is a potent weapon which should not be used if the court's order upon which the contempt was founded is vague or ambiguous." *Martin*, 959 F.2d at 47 (quoting *Baddock v. Villard* ( *In re Baum*), 606 F.2d 592, 593 (5th Cir.1979)). Therefore, the contempt power should only be invoked where a specific aspect of the injunction has been clearly violated. *See Martin,* 959 F.2d at 47.

In this Court's Order of June 15, 2009, it cited the case of *Austin v. Texas-Ohio Gas Company*, 218 F.2d 739 (5th Cir. 1955) in holding that equitable principles can be applied when considering a motion such as the instant one before the Court. In that case, a stakeholder had requested relief via interpleader and the stakeholder only deposited a portion of the property in the Registry of the Court. The Court noted that the stakeholder must:

> must have a reasonable explanation why he does not have all the property involved in the dispute still in his possession, must not have disposed of any of it wrongfully, and must be prepared to do anything reasonably necessary to recover all of the property and place in the Court the power to deal with it.

*Id.* at 746.

In the instant matter, Mr. Olano, as was his right as the Trustee of the 2007 Trust made certain loans with the proceeds as was his option and indeed, duty, to do in order to make a return on the proceeds of the Trust. As was further explained, these loans were secured by a collateral mortgage on a piece of property located in Metairie, Louisiana. This property was appraised for more then $1.2 million dollars, thereby securing the indebtedness. This appraisal and the mortgage documents were previously submitted to the Court as exhibits to the Motion for Extension of Time to Deposit Proceeds (Doc. 83), and these documents are incorporated by reference as if copied herein *in extenso*.

Mr. Olano continued to apply for bonds bonds from other companies. Indeed, he attempted to secure bonds from at least four (4) different companies, and none would issue the bond ordered by this Court. (See correspondence from Louis T. Faust dated August 7, 2009, attached hereto as Exhibit "A"). As noted by Mr. Faust, underwriting requirements for bonds have tightened due to the current economic downturn. It is doubtful that any bond could be obtained in this market.

It was also noted by this Court that "many situations may exist where it becomes impracticable for a stakeholder to deposit the specific *res* in controversy." *Kitzer v. Phalen Park State Bank of St. Paul*, 379 F.2d 650, 651 (8th Cir. 1967). The Court then reasoned that because the Interpleader Act's intent is to "remedy the problems caused by multiple claimants to a single fund," the form need not be deposited in any particular form. *Id. See also* Doc. 76, at p. 5.

Mr. Olano provides a reasonable explanation as to why the money is not at hand. As explained previously, the proceeds have been lent to a company called The Millennium Group I, L.L.C. and secured by a piece of property valued in excess of $1.2 million. Therefore, Mr. Olano, as the Trustee, does not have the funds readily available.

Mr. Olano further posits that it would be impractical to order that the mortgage be liquidated at this time. While the property has appraised at more than $1.2 million, it is unlikely that the property would actually sell for that amount in this time of economic downturn. Indeed, this is particularly true for commercial properties. It is also highly unlikely that many purchasers, though interested in the property, would be able to secure the necessary financing. Finally, if forced to sell the property, which Mr. Olano will accomplish if so ordered, the rightful beneficiaries of the proceeds would likely have less than the full proceeds intended for them. This would cause a hardship on all concerned and also cause damage to the beneficiaries, albeit unintentional.

Simply put, the 2007 Trust's assets consist of the notes and mortgages previously offered. Mr. Olano has reasonably explained why the cash is not available and why it is not practical to require liquidation of the real property securing the loan. Indeed, such an act would be harmful. Additionally, Mr. Olano has attempted in good faith to obtain a bond, but was unable to do so.

As this Court stated, an interpleader is an equitable proceeding, and, as such, the Court is allowed to take cognizance of circumstances outside of a strictly legal focus. As demonstrated herein, Mr. Olano has substantially complied with the Court's order. There was not one (1) deadline that Mr. Olano missed when it came time to respond to the Court or the deadlines it set. Mr. Olano filed proper Motions asking for relief and also applied to several bond companies to obtain the bond ordered by the Court. He attempted in good faith to comply with the Court's order, but the economic realities of today made such compliance impossible. As noted by Mr. Faust, it is doubtful any company would write such a bond at this time. Mr. Olano should not be sanctioned for something that was not within his power to control.

As noted in the previous filings, Mr. Olano stands ready to deposit the notes and mortgages as previously discussed. Mr. Olano has always displayed respect to this Court and does not ignore its orders. While it was impossible for Mr. Olano to fulfill the Court's mandate, he did attempt to do so in good faith. The Court even conceives of this eventuality when it instructed Mr. Olano to move the Court for relief if a bond could not be obtained. A bond was not obtainable and a proper motion was filed, which the Court denied. However, this is not grounds to hold Mr. Olano in contempt. In sum, the Court is urged to take judicial notice of the fact that Mr. Olano attempted to comply, but forces beyond his control rendered that impossible. Mr. Olano should not be held in contempt or otherwise sanctioned.

**WHEREFORE**, for the reasons contained herein, Guy W. Olano, Jr., urges the Court not to hold him in contempt of Court or otherwise sanction him for failure to obtain a bond as security.

**Respectfully submitted,**

**SUTTERFIELD & WEBB, L.L.C.**

s/ Scott T. Winstead

**DANIEL A. WEBB**, Bar No. 13294
**SCOTT T. WINSTEAD**, Bar No. 27690
650 Poydras Street, Suite 2715
New Orleans LA 70130
Telephone: 504-598-2715
Facsimile: 504-529-7197
**COUNSEL FOR GUY W. OLANO, JR., TRUSTEE OF THE SCRUGGS FAMILY TRUST, AN IRREVOCABLE INTERVIVOS TRUST DATED JANUARY 1, 2007**

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of this pleading on counsel for all parties to this proceeding by mailing it via the CM/ECF system, on this 20th day of April 2010.

s/ Scott T. Winstead